IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCIS PINEX, SERGIO PINEX, STEPHEN PINEX, SHERMAN BEN and DARRYL McELROY, each individually, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CITY OF CHICAGO, Chicago Police Officer DAVID GUZMAN, STAR NO. 12877, and UNKNOWN AND UNNAMED Chicago Police Officers, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS <br><br> JURY DEMANDED |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Sections 1983 and 1985]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, FRANCIS PINEX, was and is now a citizen of the United States.

4. At all times herein mentioned, Plaintiff, SERGIO PINEX, was and is now a citizen of the United States.

5. At all times herein mentioned, Plaintiff, STEPHEN PINEX, was and is now a citizen of the United States.

1

6. At all times herein mentioned, Plaintiff, SHERMAN BEN, was and is now a citizen of the United States.

7. At all times herein mentioned, Plaintiff, DARRYL McELROY, was and is now a citizen of the United States.

8. At all times herein mentioned Chicago police officer DAVID GUZMAN, Star No. 12877 ("GUZMAN") was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned an unknown number of unnamed Chicago police officers ("UNKNOWN OFFICERS") were employed by the Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the Chicago Police Department. These Defendants are being sued in their individual capacity. Once plaintiffs learn the identity of these officers they will amend their complaint to allege their names.

10. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

11. On or about January 14, 2010, Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex resided in their home located at 1717 West 90th Place, Chicago, Illinois.

12. At that time and place Defendants GUZMAN and UNKNOWN OFFICERS entered and searched the Plaintiffs' home located at 1717 West 90th Place, Chicago, Illinois.

13. Neither GUZMAN nor UNKNOWN OFFICERS knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on January 14, 2010.

14. There was no legal cause to search the Plaintiffs' home on January 14, 2010.

15. None of the Plaintiffs consented to their home being searched on January 14, 2010.

16. During the course of the search January 14, 2010, GUZMAN and/or UNKNOWN OFFICERS pointed guns at Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex.

17. During the course of the search on January 14, 2010, Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex were forced into physical restraints and were made to remain in these restraints for an unreasonable period of time.

18. On or about April 21, 2010, Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex continued to reside in their home located at 1717 West 90th Place, Chicago, Illinois.

19. At that time and place Defendants GUZMAN and UNKNOWN OFFICERS entered and searched the Plaintiffs' home located at 1717 West 90th Place, Chicago, Illinois.

20. Neither GUZMAN nor UNKNOWN OFFICERS knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on April 21, 2010.

21. There was no legal cause to enter and search the Plaintiffs' home on April 21, 2010.

22. During the course of the search April 21, 2010, GUZMAN and/or UNKNOWN OFFICERS pointed guns at Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex.

23. None of the Plaintiffs consented to their home being searched on April 21, 2010.

24. On or about March 9, 2011, Plaintiffs Francis Pinex, Sergio Pinex, and Stephen Pinex continued to reside in their home located at 1717 West 90th Place, Chicago, Illinois. On that date, Plaintiffs Sherman Ben and Daryll McElroy were also present at 1717 West 90th Place, Chicago, Illinois.

25. At that time and place Defendants GUZMAN and UNKNOWN OFFICERS entered and searched the Plaintiffs' home located at 1717 West 90th Place, Chicago, Illinois.

26. Neither GUZMAN nor UNKNOWN OFFICERS knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on March 9, 2011.

27. There was no legal cause to enter and search the Plaintiffs' home on March 9, 2011.

28. GUZMAN and UNKNOWN OFFICERS caused excessive and unnecessary property damage while searching Plaintiffs' home on March 9, 2011.

29. During the course of the search March 9, 2011, GUZMAN and/or UNKNOWN OFFICERS pointed guns at Plaintiffs.

30. During the course of the search March 9, 2011, GUZMAN and/or UNKNOWN OFFICERS used excessive force upon the Plaintiffs.

31. None of the Plaintiffs consented to their home being searched on March 9, 2011.

32. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

33. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

34. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against Defendant GUZMAN and UNKNOWN OFFICERS for Unreasonable Search and Seizure

35. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

36. By reason of the Defendants' conduct, plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

37. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' home was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The Defendants violated the Plaintiffs' rights in the following manner on January 14, 2010: (1) The forcible entry and search of Plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; and (3) Placing all of the Plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
**Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against Defendant GUZMAN and UNKNOWN OFFICERS for Unreasonable Search and Seizure**

38. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

39. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' apartments was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The defendants violated the Plaintiffs' rights in the following manner on April 21, 2010: (1) The forcible entry and search of plaintiffs' home; (2) Forcibly entering the home without first knocking and announcing their office; and (3) Placing all of the Plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
**All Plaintiffs against Defendant GUZMAN and UNKNOWN OFFICERS for Unreasonable Search and Seizure**

41. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

42. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

43. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiffs' apartments was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The

defendants violated the Plaintiffs' rights in the following manner on March 9, 2011: (1) The forcible entry and search of Plaintiffs' home and person; (2) Forcibly entering the home without first knocking and announcing their office; (3) Causing excessive and unnecessary property damage to the Plaintiffs' home and personal property contained therein; and (4) Placing all of the plaintiffs in restraints and leaving them in restraints for an unreasonable and unnecessary period of time. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT IV
### Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against Defendant GUZMAN for Unreasonable Procurement of a Search Warrant

44. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

45. Plaintiffs are informed and believe that defendant GUZMAN may have procured a search warrant on or about March 9, 2011 identifying Plaintiffs' home as the premises to be searched and indicating that an individual named Alfonzo Pinex resided in the Plaintiffs' home.

46. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

    a. relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

    b. failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

    c. failing to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home, Alfonzo Pinez, and Plaintiffs.

  d. failing to conduct a search of available databases for any information connecting Alfonzo Pinez to Plaintiffs' home.

  e. Failing to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

  f. Failing to conduct a search of available databases for information related to the identity of the owner and occupants of the residence located at 1717 West 90th Place, Chicago, Illinois.

47. No reasonably well trained police officer in the position of GUZMAN would have applied for the search warrant obtained by GUZMAN and it was done intentionally or with reckless disregard to the rights of Plaintiffs.

48. As a result of GUZMAN's unreasonable procurement of the search warrant Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

49. The procurement of the search warrant was in violation of Plaintiffs' Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of plaintiffs' Fourth Amendment rights under the U.S. Constitution. Therefore, GUZMAN, in his individual capacity is liable to plaintiffs pursuant to 42 U.S.C. § 1983

## COUNT V
### Plaintiff SERGIO PINEX Against Defendants GUZMAN and UNKNOWN OFFICERS for EXCESSIVE FORCE

50. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

51. During and after the forcible entry of plaintiff's home on March 9, 2011, Defendants used excessive force against Plaintiff's person.

52. There was no legal cause for Defendants to use force against Plaintiff.

53. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to her by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

54. The physical force inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT VI
### Plaintiff STEPHEN PINEX Against Defendants GUZMAN and UNKNOWN OFFICERS for EXCESSIVE FORCE

55. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

56. During and after the forcible entry of plaintiff's home on March 9, 2011, Defendants used excessive force against Plaintiff's person.

57. There was no legal cause for Defendants to use force against Plaintiff.

58. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

59. The physical force inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, Defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VII
### Plaintiff SHERMAN BEN Against Defendants GUZMAN and UNKNOWN OFFICERS for EXCESSIVE FORCE

60. Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-four (34) hereat as though fully set forth at this place.

61. During and after the forcible entry of 1717 West 90th Place, Chicago, Illinois on March 9, 2011, Defendants used excessive force against Plaintiff's person.

62. There was no legal cause for defendants to use force against Plaintiff.

63. By reason of Defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

64. The physical force inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendants are liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VIII
### Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against GUZMAN, UNKNOWN OFFICERS, and the CITY OF CHICAGO For The State Supplemental Claim of Trespass

65. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

66. GUZMAN and UNKNOWN OFFICERS committed the tort of trespass when they entered the plaintiffs' home without permission or authority on January 14, 2010.

67. The City of Chicago is liable to plaintiff for the acts of GUZMAN and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

68. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

## COUNT IX
### Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against GUZMAN, UNKNOWN OFFICERS, and the CITY OF CHICAGO
### For The State Supplemental Claim of Trespass

69. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

70. GUZMAN and UNKNOWN OFFICERS committed the tort of trespass when they entered the plaintiffs' home without permission or authority on April 21, 2010.

71. The City of Chicago is liable to plaintiff for the acts of GUZMAN and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

72. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

## COUNT X
### Plaintiffs FRANCIS PINEX, SERGIO PINEX, and STEPHEN PINEX against GUZMAN, UNKNOWN OFFICERS, and the CITY OF CHICAGO
### For The State Supplemental Claim of Trespass

73. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

74. GUZMAN and UNKNOWN OFFICERS committed the tort of trespass when they entered the plaintiffs' home without permission or authority on March 9, 2011.

75. The City of Chicago is liable to plaintiff for the acts of GUZMAN and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

76. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of Trespass.

## COUNT XI
### All Plaintiffs against GUZMAN, UNKNOWN OFFICERS, and the CITY OF CHICAGO For The State Supplemental Claim of Assault

77. Plaintiffs hereby incorporate and re-allege paragraphs one (1) through thirty-four (34) hereat as though fully alleged at this place.

78. During the course of the search of plaintiffs' home on March 9, 2011 defendants GUZMAN and/or UNKNOWN OFFICERS committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at plaintiffs without justification, and thereby placed the plaintiffs in reasonable apprehension of receiving a battery.

79. The City of Chicago is liable to plaintiff for the acts of GUZMAN and UNKNOWN OFFICERS pursuant to the doctrine of *respondeat superior*.

80. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants are all liable under the state supplemental claim of assault.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, request judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

Submitted by,

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek

ED FOX & ASSOCIATES
Attorneys for Plaintiffs
Suite 330
300 West Adams
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com